

**FILED**

**JUL 20 2016** YM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

RONALD CRUMP

No. 15 CR 739-2

Judge Manish S. Shah

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant RONALD CRUMP, and his attorney, MICHAEL F. CLANCY, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with conspiracy to pass counterfeit currency, in violation of Title 18, United States Code, Section 371 (Count 1), and passing counterfeit currency, in violation of Title 18, United States Code, Section 472 (Counts 2, 3, and 9).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts Two, Three, and Nine, which charge defendant with passing counterfeit currency, in violation of Title 18, United States Code, Section 472.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Two, Three, and Nine of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

   a. With respect to Count Two of the indictment:

On or about January 1, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, with intent to defraud, passed to Retail Store B, falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes in the denomination of one hundred dollars, Serial Number LG64647291B, which he then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Section 472.

Specifically, on or about January 1, 2015, in the afternoon, CRUMP entered Retail Store B in Chicago, Illinois. CRUMP browsed Retail Store B and selected several items to purchase, which in total cost over $2,600. When CRUMP paid for the items, CRUMP handed the cashier at Retail Store B 27 counterfeit $100 bills, all bearing serial number LG64647219B. CRUMP knew that all 27 $100 bills were counterfeit at the time he provided them to the cashier at Retail Store B. The

cashier accepted the counterfeit bills as genuine currency and CRUMP left Retail Store B with the merchandise.

      b.      With respect to Count Three of the indictment:

On or about January 9, 2015, at Calumet City, in the Northern District of Illinois, Eastern Division, defendant, with intent to defraud, passed to Retail Store A, falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes in the denomination of one hundred dollars, bearing Serial Number LG64647291B, which he then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Section 472.

Specifically, on or about January 9, 2015, in the evening, CRUMP entered Retail Store A in Calumet City, Illinois. CRUMP browsed Retail Store A and selected several items to purchase, which in total cost over $500. When CRUMP paid for the items, CRUMP handed the cashier at Retail Store A six counterfeit $100 bills, all bearing serial number LG64647219B. CRUMP knew that all six $100 bills were counterfeit at the time he provided them to the cashier at Retail Store A. The cashier accepted the counterfeit bills as genuine currency and CRUMP left Retail Store A with the merchandise.

      c.      With respect to Count Nine of the indictment:

On or about March 19, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, with intent to defraud, passed to Retail Store A, falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes in the denomination of one hundred dollars, bearing Serial

Number LG64647291B, which he then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Section 472.

Specifically, on or about March 19, 2015, in the evening, CRUMP entered Retail Store A in Chicago, Illinois. CRUMP browsed Retail Store A and selected several items to purchase, which in total cost over $2,000. CRUMP purchased the items in two transactions. During the first transaction, CRUMP handed the cashier at Retail Store A eleven counterfeit $100 bills, all bearing serial number LG64647219B. During the second transaction, which occurred immediately after the first transaction at the same register, CRUMP handed the cashier at Retail Store A another eleven counterfeit $100 bills, all bearing the same serial number as the counterfeit bills in the prior transaction – LG64647219B. CRUMP knew that all 22 $100 bills were counterfeit at the time he provided them to the cashier at Retail Store A. The cashier accepted the counterfeit bills as genuine currency and CRUMP left Retail Store A with the merchandise.

       d.    It is the government's position that CRUMP passed counterfeit as described above in concert with other, including co-defendants Russell and Simms, and Individuals A and B. Defendant reserves the right to dispute this.

<u>**Maximum Statutory Penalties**</u>

       7.    Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

       a.    Count Two carries a maximum sentence of 20 years' imprisonment. Count Two also carries a maximum fine of $250,000. Defendant

further understands that with respect to Count Two the judge also may impose a term of supervised release of not more than three years.

      b.    Count Three carries a maximum sentence of 20 years' imprisonment. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the judge also may impose a term of supervised release of not more than three years.

      c.    Count Nine carries a maximum sentence of 20 years' imprisonment. Count Nine also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Nine the judge also may impose a term of supervised release of not more than three years.

      d.    Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

      e.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

      f.    Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 60 years' imprisonment. In addition, defendant is subject to a total maximum fine of $750,000, a period of supervised release, and special assessments totaling $300, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2015 Guidelines Manual.

    b. **Offense Level Calculations.**

      i.  The base offense level is 9, pursuant to Guideline § 2B5.1(a).

      ii.  It is the government's position that the offense level should be increased by 4 pursuant to Guideline §§ 2B5.1(b)(1)(B) and 2B1.1(b)(1)(C) because the face value of the counterfeit items, including relevant conduct, was more than $15,000. It is defendant's position that the offense level should only be increased by 1 pursuant to Guideline § 2B5.1(b)(1)(A) because the face value of the counterfeit items was between $2,500 and $6,500. Both parties are free to present evidence and argument as to their respective positions at sentencing.

      iii.  If the Court determines at the time of sentencing that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level will be appropriate. The government reserves the right to take whatever position it deems appropriate at the time of sentencing with respect to whether defendant has accepted responsibility within the meaning of Guideline § 3E1.1(a).

      iv.  If the Court determines that defendant has fully accepted responsibility within the meaning of Guideline § 3E1.1(a), and that the offense level is 16 or higher prior to the application of any reduction for acceptance of

responsibility pursuant to § 3E1.1(a), the government will move for an additional one-level reduction in the offense level pursuant to Guideline § 3E1.1(b) because defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently..

  c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 8 and defendant's criminal history category is IV:

    i. On or about January 11, 2006, defendant was sentenced to 8 years' imprisonment in the Circuit Court of Cook County following a conviction for vehicle hijacking. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

    ii. On or about March 19, 2010, defendant was sentenced to 2 years' imprisonment in the Circuit Court of Cook County following a conviction for unlawful possession of a firearm by a felon. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

    iii. On or about September 6, 2011, defendant was convicted sentenced to 180 days' imprisonment in the Circuit Court of ~~Cook~~ Dubuque Re County [handwritten correction] following a conviction for domestic abuse. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this sentence.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, it is the government's position that the anticipated offense level is 11, which when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 18 to 24 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. It is defendant's position that the anticipated offense level is 8, which when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of ~~8 to 14~~ 10 to 16 *RC* months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea because of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Federal Rule of Criminal Procedure 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, because of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant, together with any jointly liable co-defendants, to make full restitution to Retail Stores A and B in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

14. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15. Defendant agrees to pay the special assessment of $300 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

17. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 15 CR 739.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or

release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

20. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

      i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the judge without a jury conduct the trial.

      ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

  21. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

  22. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

  23. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent

income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

26. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

29.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

30.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7/20/16

_____
ZACHARY T. FARDON
United States Attorney

_____
JORDAN M. PALMORE
Assistant U.S. Attorney

_____
RONALD CRUMP
Defendant

_____
MICHAEL F. CLANCY
Attorney for Defendant