UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | 15 CR 739-2 |
| | ) | Hon. Manish S. Shah |
| Ronald Crump | ) | |

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

The defendant, Ronald Crump, pursuant to a written plea agreement, pled guilty to Counts Two, Three, and Nine of the indictment, uttering counterfeit obligations or securities (18 U.S.C. §472). He is scheduled to be sentenced by this Honorable Court on October 13, 2016. Per Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, and shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant respectfully makes the following objections to the Presentence Investigation Report prepared in this case, and asks this Court to consider the below-listed factors when imposing a sentence in this case.

**Base Offense Level – Paragraphs 16-17**

Crump agrees with the probation officer's base offense level calculations. Pursuant to Guideline Section 2B5.1, he has a base offense level of 9.

**Specific Offense Characteristic – Paragraph 18**

Crump engaged in this criminal activity alone. The probation officer's assertion that the evidence "clearly indicates that the defendant worked in concert with his two codefendants" is

1

off base. The probation officer supports that contention, in part, by noting that they all had the same counterfeit bill. Crump used counterfeit $100 bills with serial number LG64647291B, the same serial number on the bills used by the co-defendants. However, that Crump may have obtained his bills from the same supplier as the co-defendants by no means indicates that they worked in concert. Rather, it simply means whoever was producing these counterfeit bills did not alter the serial numbers from bill to bill. Other than being in a store one time with his co-defendants, there was no connection between Crump and them. They did not purchase merchandise in concert, or share the merchandise among them.

Accordingly, Crump should only be held accountable for the money that he personally uttered. On January 1, 2015, he passed 27 counterfeit bills at Retail Store B. Additionally, on January 9, 2015, he passed 6 counterfeit bills at Retail Store A. Finally, on March 19, 2015, Crump passed 22 counterfeit bills at Retail Store A. Thus, Crump passed 55 counterfeit $100 bills, amounting to a total loss of $5,500. Crump specifically did not plead guilty to Count One of the indictment because he did not engage in a conspiracy. Pursuant to §2B5.1(b)(1)(A), since the loss amount was between $2,500 and $6,500, Crump should receive a one-level adjustment.

**Acceptance of Responsibility – Paragraphs 24**

A two-point decrease for acceptance of responsibility is warranted. Crump has shown a recognition and affirmative acceptance of responsibility for his actions. The one-level reduction for timely notification does not apply.

**Total Offense Level – Paragraph 26**

Level 8 accurately states Crump's Total Offense Level. Crump has a base offense level of nine. One point is added for the loss amount. Two points are deducted for acceptance of responsibility.

**Criminal History – Paragraphs 32-40**

Criminal History Category V correctly reflects Crump's past criminal conduct, as he has 12 criminal history points.

**Guideline Sentencing Range – Paragraph 101**

With a Criminal History Category of V, and a total offense level of eight, Crump's Guideline range of imprisonment is 15-21 months.

**Statutory Provisions – Paragraph 100**

There is a 20-year maximum term of imprisonment under 18 U.S.C. §§ 472.

**Supervised Release – Paragraphs 103-108**

Crump is subject to up to three years of supervised release, per statute. The probation officer recommended a number of mandatory and discretionary conditions of supervised release. Crump objects to the following discretionary conditions proposed in Paragraph 107 of the Presentence Investigation Report: (1) you shall provide financial support to any dependents if financially able; (16) you shall permit the probation officer to visit you **at work** or **other reasonable location specified by the probation officer**. Crump objects to the following special conditions of supervised release proposed in Paragraph 108 of the Presentence Investigation Report: (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment; (13) if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and

substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

Crump does not object to the other proposed conditions, as they are reasonably related to the purposes of supervised release.

**History and Characteristics – Paragraphs 57-69**

Crump was raised by his mother and maternal grandmother on the south side of Chicago. His father was a drug addict, and his mother struggled to provide for Ronald and his younger brother, Stephen. She received food stamp assistance. Crump visited his father and paternal grandmother often. Despite moving frequently, Crump always lived in neighborhoods plagued by gangs and violence.

Around age 15, after bumping heads with his mother, Crump moved in with his father and paternal grandmother. He completed high school and worked a part-time job. He began attending community college, but eventually stopped to work full-time.

Crump has a ten year-old son, Antonio, and a six year-old son, Ronald, Jr. Each boy lives with his respective mother. Prior to his arrest, Crump regularly saw and supported his children. Crump enjoys playing sports and games with his sons. He frequently takes them to school, as well.

**Health – Paragraphs 70-81**

Crump was shot on two separate occasions, and stabbed once. During his pretrial incarceration, Crump has twice had surgery to remove bullet fragments from past gunshot wounds. At age 16, Crump was an armed robbery victim, suffering three gunshot wounds. In March of 2015, again during an armed robbery, Crump sustained six gunshot wounds. Hospital records from that incident confirm that Crump had multiple gunshot wounds and suffered from

abdominal inflammation, trauma to the abdomen, a liver laceration, colon injury, small intestine injury, and blood in his abdominal cavity. He had to undergo a small bowel resection and a colon resection. Also, he had a fractured shoulder blade and a fractured pelvis. Additional bullets were removed from his body on May 7, 2015, September 8, 2015, and November 10, 2015.

Subsequent to being shot in 2015, Crump experienced intrusive dreams and possible traumatic stress disorder. He received a few sessions of mental health counseling at Stroger Hospital while recovering from the shooting, and was prescribed Xanax. Crump feels that he would benefit from additional mental health treatment, as he still experiences flashbacks and panic attacks.

**Substance Abuse – Paragraphs 82-88**

Crump drinks alcohol infrequently. However, he used marijuana on a daily basis up until his arrest in this case. He would smoke a couple of joints per day. Crump has also used ecstasy roughly 20 times in his life. As noted, Crump's father was a heroin addict throughout Crump's childhood.

**Education and Employment – Paragraphs 89-95**

In 2005, Crump graduated McKinley High School. He subsequently attended Harold Washington College for a brief period of time.

During high school, Crump worked at Dominick's and McDonald's. From 2006 to 2012, Crump worked full-time in telemarketing. He worked as an energy salesman from 2012 to 2013. From 2013 until the time of his arrest, Crump worked side jobs performing plumbing or painting work.

**Section 3553 Factors**

Restitution will be ordered in this case. Essentially, this Court is left with fashioning a sentence that it feels will justly punish the offense. Considering Crump's age, history, and characteristics, the defense submits that a below-Guidelines sentence is sufficient, but not greater than necessary.

**Conclusion**

WHEREFORE, based on the foregoing, and taking into consideration the history and characteristics of Ronald Crump and the nature of his involvement in this offense, Crump respectfully asks this Court for leniency when imposing sentence

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288